UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY HERRON                                                                                          PETITIONER

V.                                                                   CIVIL ACTION NO. 1:11CV79-GHD-DAS

JESSIE STREETER, et al.                                                                        RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition in this action as a successive petition or alternatively as time barred under the federal habeas statute. The petitioner has filed no response to the motion.

The petitioner filed a habeas petition with this court in Civil Action 1:07cv251-WAP-JAD. That petition was dismissed with prejudice by the court on May 8, 2009. Before a second or successive petition can be filed with this court, Herron is required to obtain an order from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). He has not done so and therefore this court lacks jurisdiction to entertain the petition.

The respondents have also moved to dismiss the complaint because it was filed after statute of limitations had run. Herron's state court conviction was affirmed by the Mississippi Court of Appeals on August 1, 2006 and the Mississippi Supreme Court denied certiorari on November 2, 2006. The judgment became final 90 days later. Herron had one year from the date his conviction became final in which to file his federal petition. 28 U.S.C § 2244d(d). His petition, filed between March 8, 2011 and March 18, 2011, was many years too late. The petitioner's claimed in his petition that he was entitled to a new period of limitations following the Mississippi Supreme Court decision of *Edmonds v. State,* 955 So.2d 787 (Miss. 2007). Even if *Edmonds* provided a basis for a new period of limitations, Herron is still many years too late

with this filing.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petititoner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of November, 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE